# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | | |
|---|---|---|
| CAROL JEANENE WALKER | § | |
| | § | |
| V. | § | CASE NO. 9:13-CV-198 |
| | § | |
| CAROLYN W. COLVIN, ACTING | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## ORDER ADOPTING
## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, for consideration. The magistrate judge submitted a report recommending that the decision of the Commissioner denying plaintiff's application for social security benefits be affirmed. Plaintiff timely filed objections to the magistrate judge's Report and Recommendation. The Court accordingly conducted a *de novo* review of the objections, the pleadings, the record, and the applicable law. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b). After careful consideration, the Court concludes that the objections are without merit.

Plaintiff first objects to Judge Giblin's findings regarding the Administrative Law Judge's (ALJ) evaluation of the medical evidence. A review of the record reveals, however, that Judge Giblin properly utilized the applicable legal standards in considering the plaintiff's treating mental health sources at Texas A&M University. Both Judge Giblin and the ALJ noted that reliable medical evidence - including Dr. McClendon's mental status examination and the State agency medical consultant's examination - contradicted the Texas A&M evaluators' conclusions as to the plaintiff's residual functional capacity (RFC). *See Report and Recommendation* (doc. #14), at pp. 16-18. As

discussed by Judge Giblin, case law supports the rejection of a treating physician's opinion when "there is completing first-hand medical evidence and the ALJ finds as a factual matter that one doctor's opinion is more well-founded than the other[.]" *Id.* Citing *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). The Court accordingly concludes that the magistrate judge did not err in upholding the ALJ's evaluation of the opinions of plaintiff's treating physicians.

Next, the plaintiff objects to the magistrate judge's conclusion that substantial evidence supports the ALJ's conclusions about the plaintiff's credibility. Plaintiff specifically takes issue with the reliance upon Dr. McClendon's evaluation on one day as substantial evidence of the plaintiff's mental functioning over a "longitudinal period in a work environment." *See Objections* (doc. #15), at p. 5. In fact, the magistrate judge discussed the ALJ's credibility determination in detail and addressed other evidence in the record other than just the records from Dr. McClendon. *See Report*, at pp. 21-23. The ALJ offered numerous reasons in support of his credibility determination, and Judge Giblin appropriately addressed this determination. Substantial evidence in the record supports the findings on credibility issue.

Therefore, the Court **ORDERS** that the plaintiff's objections (doc. #15) are **OVERRULED.** The Court concludes that the magistrate judge's findings of fact and conclusions of law of are correct. The *Report and Recommendation* (doc. #14) is, therefore, **ADOPTED** and the Commissioner's decisions is **AFFIRMED**. The Court will enter final judgment separately.

**SIGNED this 17th day of March, 2015.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE